IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEILA BROWN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-1573 |
| § | |
| WAL-MART STORES TEXAS, L.L.C., § | |
| § | |
| Defendant. § | |

### ORDER

Pending before the Court is Defendant Wal-Mart Stores Texas, L.L.C.'s ("Defendant" or "Wal-Mart") Motion for Summary Judgment. (Doc. No. 24). Plaintiff Sheila Brown ("Plaintiff" or "Brown") filed a Response to Defendant's Motion. (Doc. No. 25). In her response she also requests the Court grant her motion for leave to amend her pleadings.[1] After considering the motion, response, and applicable law, the Court hereby grants in part and denies in part Defendant's Motion for Summary Judgment. (Doc. No. 24).

### I. Background

This case concerns an incident that occurred at one of Defendant's stores. Plaintiff was a customer at Wal-Mart. She arrived at the Defendant's place of business and walked through the first set of automatic doors to retrieve a grocery cart. Plaintiff was reaching for a grocery cart when she allegedly tripped over a stack of mats/rugs[2] that were rolled up against the wall. Plaintiff fell and hit her head against the second set of automatic doors, allegedly causing more than $75,000

---

[1] This request violates the Court's local rules about combing two different and unrelated pleadings. S. Dist. Tex. L.R. 3(E). Additionally, Plaintiff did not attach her proposed amended pleadings. Therefore, the Court denies Plaintiff's request without prejudice.

[2] The Court cannot tell from the Record whether there was one singular mat or multiple mats rolled-up. Plaintiff refers to them as "rugs/mats," so the Court will also use "mats" throughout this Order.

1

in injuries. Plaintiff brought this lawsuit against Wal-Mart, asserting negligence and premises liability cause of actions.

Defendant filed a Motion for Summary Judgment, contending that Plaintiff does not maintain a proper negligence claim and that Plaintiff's premises liability claim fails as there is no genuine issue of material fact that (i) the mats on the floor constituted an unreasonable risk of harm, (ii) the condition was not concealed, and (iii) Plaintiff was the sole proximate cause of the incident. Plaintiff responded, disagreeing with each of Defendant's arguments.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point

the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

#### A. Plaintiff's Fall was Not Contemporaneous to Rolling Up The Mats

Defendant first argues in its Motion that Plaintiff does not properly assert a negligence claim, and that the only valid cause of action is premises liability. (Doc. No. 24).

There are two negligence-related theories upon which a plaintiff may recover from a premises owner: general negligence and premises liability. Although a person injured on another's property may have both a negligence claim and a premises liability claim against the property owner, the two are distinct causes of action and require the plaintiff prove different, albeit similar, elements to secure judgment in his or her favor. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017).

It is well settled that a trial court should not submit a negligent activity claim to the trier of fact unless the evidence shows that the injury was caused by or as a contemporaneous result of the negligent activity itself, rather than a condition created by the negligent activity. *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 923 (Tex. App.—Texarkana 2010, no pet.). When, however, the injury is the result of a condition created by the defendant's activity, rather than the activity itself, a plaintiff is limited to a premises defect theory of liability. *Lucas v. Titus County Hosp. Dist./Titus County Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex.App.—Texarkana 1998, pet. denied), 988 S.W.2d 740 (Tex.1998). For example, in *Keetch v. Kroger* the Supreme Court of Texas only recognized a premises liability cause of action where the plaintiff slipped and fell approximately thirty minutes after the activity creating the condition occurred. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264

3

(Tex.1992). In that case, a Kroger employee had finished spraying the store plants with water. Plaintiff slipped and fell on the water about thirty minutes later. The Supreme Court of Texas specified that a negligent activity theory was not proper since there was no ongoing activity when the Plaintiff was injured. Rather, Plaintiff was injured by a condition created by the activity and could only recover via a premises liability cause of action. Such is the case here.

In this case, Plaintiff concedes that "[f]or a full hour before the trip and fall... it can be see (sic) that the rolled mats were in the same position as they were when Plaintiff tripped and fell over them." (Doc. No. 25 at 8). The video evidence supports Plaintiff's contentions. (*See* Doc. No. 25-1). That being the case, it is indisputable that the Plaintiff's fall did not occur contemporaneously with a Wal-Mart employee's activity. Instead, it was the result of a condition created by the negligent activity. Therefore, Plaintiff is not entitled to bring a negligent activity claim as a matter of law. Defendant's Motion for Summary Judgment is granted as it relates to Plaintiff's negligence cause of action.

### B. Premises Liability

To succeed on a premises liability claim, an invitee must prove four elements: (1) actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's failure to use such care proximately caused the plaintiff's injury. *Diez v. Alaska Structures, Inc.*, 455 S.W.3d 737, 742 (Tex. App.—El Paso 2015, pet. aff.).

Given that Plaintiff is only entitled to recover under a premises liability theory, Defendant contends Plaintiff does not have evidence to raise a fact issue with respect to several of the elements of that cause of action. First, Defendant argues Plaintiff cannot establish that the rolled-

up mats posed an unreasonable risk of harm. (Doc. No. 24 at 14). Next, Wal-Mart contends summary judgment is proper because the mats were open and obvious. (Doc. No. 24 at 16). Lastly, Defendant challenges the element of foreseeability, claiming Plaintiff was the sole proximate cause of the incident. (Doc. No. 24 at 18). The Court will address each argument in turn.

1. Unreasonable Risk of Harm

Defendant contends "the mat in question did not pose an unreasonable risk of harm as a matter of law." (Doc. No. 24 at 14). Plaintiff disagrees, maintaining that "rolled up rugs/mats in cart area of Walmart posed an unreasonable risk of harm pursuant to Texas law." (Doc. No. 25 at 9).

In its motion, the Defendant states that courts "have routinely held that, although a customer tripped and fell on the premises of a retail store, the object upon which the customer tripped did not constitute an unreasonable risk of harm as a matter of law." (Doc. No. 24 at 14). In support of its argument, Wal-Mart cites to *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752 (Tex. 1970). The *Seideneck* case, however, is factually distinct from the case at hand.

In *Seideneck*, the plaintiff attempted to recover damages when "she was tripped by a hole or loop in the defendants' rug while she was a business invitee" at their decoration store. *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 753 (Tex. 1970). The plaintiff in that case spotted an object she liked across the showroom. She walked over to the item to check the price tag when her heel got caught in the rug on the floor and she fell. *Id.* At trial the evidence revealed that the rug was wool, with a loose-weave, and mesh-type fringe; it was placed mostly under a table where the item was located. The Court ultimately held that the rug did not present an unreasonable risk of harm, specifying that there was no evidence that the type of rug "with 'regular pile' and a decorative fringe of loose weave and tassels, was unusual; or that its particular construction and

5

placement would have served as a suggestion or warning to the defendants that it presented the prohibited degree of danger, even if they had attempted a formal survey of the shop for dangerous conditions". *Id.* at 754–55.

Importantly in *Seideneck*, there was neither an allegation nor any evidence that the rug was inherently dangerous or defective. Instead, the defendant in that case displayed the rug properly, laying it out on the ground as décor. In the case at hand, Wal-Mart used the mats only when it rained.[3] On the day of the incident, as seen in the video and confirmed by Wal-Mart's corporate representative, one of the mats was properly laid out and the others remained rolled up near the carts. Further, Wal-Mart's corporate representative testified in her deposition that (1) the mats were put out whenever it rains; (2) one or more of the mats on the day of the incident was rolled up (Doc. No. 25-2 at 22:6-10); (3) the mats were not supposed to be there (Doc. No. 25-2 at 24:5-8); (4) the mats should not have been placed there because they would be in the way of the carts (Doc. No. 25-2 at 24:20-23); (5) every employee should inspect the front area where customers enter the store (Doc. No. 25-2 at 27:10-13); and (6) if she had seen the mats there she would not have left them there in front of the door because they would have been in the way. (Doc. No. 25-2 at 28:8-14). On the day of the incident Plaintiff did not trip over a properly laid out rug; rather, she tripped because mats were improperly rolled-up in front of the grocery carts.

This evidence is sufficient to create a genuine issue of material fact as to whether the rolled-up mats presented an unreasonable risk of harm. Summary judgment, therefore, is not proper on this element.

---

[3] As Wal-Mart's corporate representative testified in her deposition she was "taught to put down the rugs whenever it rained." (Doc. No. 25-2 at 35:10-11).

6

2. Open and Obvious

Defendant next argues it did not have a duty to warn of make safe the premises because the defect was open and obvious. (*See* Doc. No. 24 at 16).

"There is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 204 (Tex. 2015). A condition is open and obvious if the plaintiff knows of and appreciates the danger or if a reasonable person would have known of and appreciated the danger. *See Nethery v. Turco*, No. 05-16-00680-CV, 2017 WL 2774448, at *3 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.) (holding ice on residential driveway was an open and obvious condition where evidence showed plaintiff saw the ice before stepping on it and appreciated its dangerous nature enough to be more cautious and attempted to step around it); *Martin v. Gehan Homes Ltd.*, No. 03-06-00584-CV, 2008 WL 2309265, at *2 (Tex. App.—Austin June 4, 2008, no pet.) (mem. op.) (holding general contractor had no duty to warn of the lack of guardrails on a second-story landing where, although plaintiff did not know about the lack of guardrails, anyone could have seen it before walking upstairs); *Harwell v. Bell Inv. Corp.*, No. 10-15-00358-CV, 2017 WL 888380, at *2 (Tex. App.—Waco Mar. 1, 2017, pet. denied) (mem. op.) (holding fact issue existed as to whether pothole was open and obvious where plaintiff did not see the pothole, the pothole was not obvious when a crowd was walking on the premises, and the evidence was disputed as to whether the premises was crowded at the time of the incident).

Although the Court is unaware of any cases with facts identical to those presented here, opinions from other Texas courts are instructive. The First Court of Appeals in Houston held that a restaurant's fountain water feature was an open and obvious condition because the feature was objectively observable to a reasonable person exercising ordinary care. *Culotta v. DoubleTree*

7

*Hotels, LLC*, No. 01-18-00267-CV, 2019 WL 2588103, at *4 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. denied) (mem. op.). The Eastland Court of Appeals held that a drop-off from the edge of a sidewalk to the ground was open and obvious where the plaintiff admitted she was aware of the drop-off before she fell. *Harris v. Serenity Found. of Tex.*, No. 11-17-00068-CV, 2019 WL 470671, at *1, *3-4 (Tex. App.—Eastland Feb. 7, 2019, no pet.) (mem. op.). The Northern District of Texas held that a carboard box in the freezer aisle of a grocery was open and obvious when it was too large for the plaintiff to step over, was larger than a shoebox, nothing was blocking the plaintiff's view, the box was heavy enough for the plaintiff to grab onto to get up, and it was not to the side of the aisle. *Adley v. Kroger Tex.*, L.P., No. 3:20-CV-01767-M, 2021 WL 2474156, at *3-4 (N.D. Tex. June 17, 2021).

Unlike the cases cited to by Defendant and the cases discussed *supra*, there is no conclusive evidence that the rolled-up mats were such that a reasonable person would have observed them; there is no conclusive evidence that they were large enough or obvious enough that a reasonable person would have seen them.

Defendant also argues that "Plaintiff testified that she saw her foot step on the mat before she fell," and for that reason, the danger was open and obvious. (citing to Plaintiff's deposition) (Doc. No. 24 at 18). Plaintiff's deposition testimony, however, clearly indicates that she knew she stepped on "The carpet because [she] landed on top of all of it when [she] slammed [her] head back." (Doc. No. 24-3 at 45:21-22). This testimony is not evidence that Plaintiff observed the mat before she tripped. Instead, it communicates that she knows she tripped on the mat because she saw it after she fell.

8

Therefore, the Court cannot say as a matter of law that the danger posed by the mats was open and obvious. Consequently, a fact issue exists whether the mats were open and obvious. The Motion is denied on this point.

3. Proximate Cause

Lastly, Defendant urges the Court to grant its Motion because "Plaintiff was the sole proximate cause of her alleged injuries and damages." (Doc. No. 24 at 19). Plaintiff disagrees, stating that the "act of not placing the rolled-up mats in their proper location and omission of not removing them weas in fact the cause of Ms. Brown's fall." (Doc. No. 25 at 16).

The proximate cause element of a premises liability claim has two components: cause-in-fact and foreseeability. *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex.2003). Defendant's do not challenge Plaintiff's ability to establish either prong, but instead contend that Plaintiff was the sole proximate cause of her alleged injuries. (Doc. No. 24 at 19).

Importantly, there may be more than one proximate cause of an event. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010). Defendant contends that Plaintiff was the sole proximate cause since she was "focusing solely on her cell phone and not where she was waking." (Doc. No. 24 at 19). As Plaintiff points out, however, Wal-Mart's corporate representative stated in her deposition that the mats were in the way of the carts, and Plaintiff undoubtedly tripped while attempting to retrieve a grocery cart.

Both the Plaintiff' actions and the Defendant's actions, or either of their actions, could have caused the incident. When such a conflict exists, a jury is best suited to decide who was more at fault. Given that there is sufficient summary judgment evidence that Defendant's acts proximately caused Plaintiff's fall, there is a genuine issue of material fact as to the causation element. Therefore, summary judgment is not proper as to this element.

9

## IV. Conclusion

For the aforementioned reasons, the Court grants in part and denies in part Defendant's Motion for Summary Judgment. (Doc. No. 24). The Court grants the Motion as it relates to Plaintiff's negligence claim and denies the Motion as to the premises liability cause of action.

Signed at Houston, Texas, this 5th day of July, 2023.

Andrew S. Hanen